UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RACHEL A. WINDHAM,                  *
                                    *
    Plaintiff,                   *
                                    *
v.                                  *       C.A. No. 18-10402-FDS
                                    *
J.P. MORGAN CHASE, NA, et al.,      *
                                    *
    Defendants.                  *
                                    *

ORDER

BURROUGHS, D.J.

    1.    The motion for leave to proceed *in forma pauperis* [Dkt. No. 2] is GRANTED.

    2.    The emergency motion for a temporary restraining order and preliminary injunction [Dkt. No. 3] is denied to the extent that the plaintiff seeks a temporary restraining order to prevent foreclosure activity. The plaintiff has not presented "specific facts . . . [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before the adverse party can be heard in opposition*." Fed. R. Civ. P. 65(b)(1)(A) (emphasis added). Noteably, the plaintiff did not provide any time frame for the possible foreclosure. Further, the plaintiff failed to "certif.[y] in writing any efforts made to give notice [to the adverse party] and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). In addition, the plaintiff's assertion that foreclosure should be prevented pending the resolution of her petition for a writ of certiorari in a related case, *see Windham v. Harmon Law Offices P.C.*, C.A. 15-12809-FDS (D. Mass.), is to no avail. The Supreme Court denied her petition on February 26, 2018. *See Windham v. Harmon Law Offices P.C.*, -- S. Ct. --, 2018 WL 1037604 (Feb. 26, 2018) (Mem).

The motion shall remain pending on the docket as a motion for a preliminary injunction, and the plaintiff must serve the motion with the complaint and summonses.

3. The Clerk shall issue summonses as to both defendants. The plaintiff is responsible for serving the summonses, complaint, motion for a preliminary injunction, and this order on the defendants in compliance with Rule 4 of the Federal Rules of Civil Procedure and Local Rule 4.1. Service must be completed within 90 days of the date of this Order.

4. Because the plaintiff is proceeding *in forma pauperis*, she may elect to have service completed by the United States Marshals Service ("USMS"). If the plaintiff chooses to have service completed by the USMS, she shall provide the agency with all papers for service on the defendants and a completed USM-285 form for each party to be served. The USMS shall complete service as directed by plaintiff with all costs of service to be advanced by the United States. The Clerk shall provide the plaintiff with forms and instructions for service.

IT IS SO ORDERED.

  3/2/2018                                             Allison D. Burroughs
DATE                                                  UNITED STATES DISTRICT JUDGE